FILED by D.C.
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 04-22549-CIV-SEITZ/BANDSTRA

[redacted]

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>BRICKELL KEY FINANCIAL, LLC,<br>EDUARDO BARALE,<br>MICHAEL MESA, and<br>MALINI NERSIAN,<br><br>Defendants. | Honorable<br>District Court Judge Patricia A. Seitz<br><br>Honorable.<br>Magistrate Ted E. Bandstra |

**CONSENT ORDER GRANTING PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF** AS TO BRICKELL KEY FINANCIAL, LLC AND BARALE

Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), has filed a Complaint against Defendants Brickell Key Financial, LLC, ("BKF") and Eduardo Barale, ("Barale") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002), and Regulations promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2004). The CFTC has also filed a Motion for Preliminary Injunction.

On September 2, 2005, this Court denied the Motion for Preliminary Injunction without prejudice, and instructed the CTFC to "make a good faith effort to resolved the issues raised in its Motion for Preliminary Injunction with all Defenants."

Barale and BKF, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order of Preliminary Injunction and Other Ancillary Relief ("Order"), but admitting to jurisdiction and venue, consents to the entry of this Order and states that this Order is entered into voluntarily and that no promise or threat has been made by the CFTC or any member, officer, agent or representative thereof, to induce their to consent to this Order. This consent, is given without any waiver of any defense Barale and BKF may have to his action. Barale and BKF have agreed to consent to the following preliminary injunction to be entered in this matter:

58

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and defendants Barale and BKF.

2. Venue properly lies with this Court.

3. Defendants Barale and BKF enter their appearance and acknowledge receipt of the Summons and Complaint.

4. Defendants Barale and BKF waive the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants Barale and BKF, their officers, agents, servants, employees, nominees, or attorneys are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly engaging in any acts or courses of conduct in violation of Sections 4b(a)(2)(i) and (iii), and 4c(b) of the Act, 7 U.S.C. §§ 6b(a)(2)(i) and (iii) and 6c(b), and CFTC Regulation 33.10, 17 C.F.R. § 33.10.

2. Defendants Barale and BKF, their officers, agents, servants, employees, nominees, or attorneys are further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Engaging in, controlling or directing the trading for any commodity futures or options accounts for or on behalf of any other person or entity, whether by power of attorney or otherwise;

B. Entering into any commodity futures or options transactions for their own accounts, for any accounts in which they have a direct or indirect interest, and/or having any commodity futures or options traded on their behalf;

C. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration, except as provided for in Section 4.14(a)(9) of the Commission's Regulations, 17 C.F.R. § 4.14(a)(9), or acting, directly or indirectly, as a principal, agent, or any other officer, agent or employee of any person registered, required to be registered, or exempted from registration with the Commission, unless such exemption is pursuant to Section 4.14(a)(9) of the Commission's Regulations, 17 C.F.R. § 4.14(a)(9) (2004);

D. Soliciting, receiving or accepting any funds from any person in connection with the purchase or sale of any commodity futures or options and/or using any funds received from third parties for the purpose of trading commodity futures or options;

E. Soliciting, accepting or placing orders, giving advice or price quotations or other information in connection with the purchase or sale of commodity futures or options contracts for themselves or others, introducing customers to any other person engaged in the business of commodity futures trading, issuing statements or reports to others concerning commodity futures or options trading, and otherwise engaging in any business activities related to commodity futures trading.

3. Defendants Barale and BKF, their officers, agents, servants, employees, nominees, or attorneys are further restrained, enjoined and prohibited, until further order of the Court from directly or indirectly:

A. Destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of defendants, wherever located, including all such records concerning defendants Barale's and BKF's business operations, until further order of the Court; and

B. Denying Commission representatives access to defendants Barale's and BKF's books, records when requested by Commission representatives.

4. The injunctive provisions of this Order shall be binding on defendants Barale and BKF, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of defendants Barale and BKF, and upon any person who receives actual notice of this Order by personal service, facsimile or otherwise insofar as he or she is acting in active concert or participation with defendants Barale and BKF.

5. Defendant Barale shall prepare, sign and file with the Court, within 30 days of this Order, a complete and accurate accounting as of the date of this Order. Such accounting shall include, without limitation, the identification of:

A. All funds, securities, commodity interests, assets and other property currently owned or controlled (legally, equitably or otherwise) directly or indirectly by defendants Barale and BKF, including accounts or assets of defendants Barale and BKF held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to the Court's Order; and

B. The name and last known address of each bailee, debtor or other person or entity currently holding any funds, securities, commodity interests, assets or other

property owned or controlled (legally, equitably or otherwise) by defendants Barale and BKF.

6. It is further ordered that representatives of the plaintiff Commission, upon reasonable notice, be allowed to inspect the books, records and other electronically stored data, tape recordings, and other documents of defendants Barale and BKF and their agents, including all such records of their business operations, wherever they are situated and whether they are in the hands of defendants or others and to copy said documents, data, and records either on or off the premises where they may be situated.

7. It is further ordered that defendants Barale and BKF shall immediately take all steps within their power to repatriate all funds, assets and property held by, under the control of, or in the name of the defendants Barale or BKF, or otherwise held for the benefit of BKF customers, whether jointly or otherwise, within and outside the United States, including but not limited to all funds on deposit in any banks, brokerage houses or other financial institution, by paying them to the Clerk of Court or as otherwise ordered by the Court, for further disposition in this case.

8. It is further ordered that this Order may be served by facsimile transmission, courier service, certified, registered or first class mail or personal service.

9. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. Furthermore, the Amended Statutory Restraining Order entered on October 20, 2004 shall remain in full force and effect as to parties other than Barale and BKF until further order of this Court.

10. The CFTC and Barale and BKF further agree that this Order is made without any findings of fact and shall not be construed as an admission or denial by Barale or BKF of the allegations contained in the Complaint. Further, nothing is this Order shall constitute a waiver of any defense available to Barale and BKF with respect to this action, including, but not limited to, a defense of lack of jurisdiction or improper venue. Further, the CFTC agrees that it is not currently seeking a freeze of Barale's and BKF's assets.

CASE NO. 04-22549 CIV-SEITZ
CONSENT ORDER GRANTING PRELIMINARY INJUNCTION AS TO BRICKELL KEY AND BARALE

**IT IS SO ORDERED.**

The Honorable Patricia A. Seitz
UNITED STATES DISTRICT JUDGE

DATED: November 3, 2005

CONSENTED TO AND APPROVED BY:

Eduardo Barale, individually and on behalf of defendant Brickell Key Financial, LLC
Obispo Oro 138
5000 Nueva Cordoba
Cordoba
ARGENTINA
(619) 993-8715
(Pro Se)

**Dated: October 20, 2005**

Vincent B. Johnson, Senior Trial Attorney
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
Florida Bar ID Number A5500854
(312) 596-0547
(312) 596-0714 (facsimile)
(vjohnson@cftc.gov)

Rosemary Hollinger, Regional Counsel
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
Florida Bar ID Number A5500849
(312) 596-0520
(312) 596-0714 (facsimile)
(rhollinger@cftc.gov)

## CERTIFICATE OF SERVICE

The undersigned, an attorney with the Commodity Futures Trading Commission, does hereby certify that on November 1, 2005, he has caused a true and accurate copy of the foregoing:

- **Consent Order Granting Preliminary Injunction and Other Equitable Relief against Eduardo Barale and Brickell Key Financial, LLC; and**
- **Certificate of Service**

to be filed electronically with the Clerk of the Court using the CM/ECF system. I further certify that a copy of the foregoing document was served as indicated upon the persons listed on the service list shown below:

## SERVICE LIST

***COUNSEL FOR: Malini Nersian***
**Via U.S. Mail, Postage Prepaid**

Richard A. Schurr, Esq.,
10867 S.W. 88th Terrace
Miami, Florida 33176
(305) 273-2104
(305) 596-4336

***COUNSEL FOR: Michael Mesa***
**Via U.S. Mail, Postage Prepaid**

Erik B. Weinick
R. Lawrence Bonner, Esq.,
Homer Bonner
1200 Four Seasons Tower
1441 Brickell Avenue, Suite 1200
Miami, Florida 33131
(305) 350-5100

***DEFENDANT***
**Via U.S. Mail, Postage Prepaid**

Eduardo Barale, *Pro Se*
1031 Ives Dairy Road - #228
Miami, Florida 33179

***DEFENDANT***
**Via U.S. Mail, Postage Prepaid**

Brickell Key Financial, LLC
c/o Eduardo Barale
1031 Ives Dairy Road - #228
Miami, Florida 33179

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 1, 2005, at Chicago, Illinois.

Vincent B. Johnson
Vincent B. Johnson